## DELAND v. PLATTE COUNTY.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF MISSOURI.

No. 82. Submitted November 13, 1894. — Decided December 3, 1894.

Final judgments of Circuit Courts of the United States in actions of assumpsit can only be revised in this court on writ of error.

THE case is stated in the opinion.

*Mr. George A. Sanders* for appellant.

No appearance for appellee.

THE CHIEF JUSTICE: This was an action of assumpsit brought by F. N. Deland against the county of Platte to recover on certain bonds and coupons in the petition set forth. The case was submitted to the court for trial, a jury having been waived by agreement of the parties. The court made findings of fact and gave an opinion, which concluded thus: " On the facts of this case I declare the law to be that the plaintiff cannot recover."

November 5, 1890, judgment was entered for the defendant, preceded by the recital of a general finding in its favor. Motion for new trial was made and overruled, and defendant

moved "for appeal, which motion was by the court sustained and appeal allowed," and plaintiff was granted time for bill of exceptions. The record then states that plaintiff presented "his bond for appeal ·. ·. . which bond was approved by the clerk and filed in said cause," but the bond is not set out. Then follows an assignment of errors and bill of exceptions. No writ of error was issued or citation signed, and no appearance has been entered for the county of Platte. The record was filed in this court February 2, 1891.

In many jurisdictions an appeal from a court of general jurisdiction is in the nature of a writ of error, but that is not so in respect of the Circuit Courts of the United States, as to which the distinction between the two modes of review has generally, if not always, been observed in the acts of Congress.

Whatever the course pursued in the courts of the State of Missouri under the statutes of that State in relation to the allowance of appeals, the appellate jurisdiction of this court is regulated by the acts of Congress, and final judgments of the Circuit Court in cases such as this can only be revised on writ of error.                    *Appeal dismissed.*