Mr. Justice Van Orsdel
delivered the opinion of the Court:
It is charged in the complaint filed in the criminal division of the supreme court of the District of Columbia, that appel *584 lant, William A. Pierce, defendant below, approached a member of the grand jury at the January, 1911, term of said court,, and attempted to corruptly influence his action in a case pending before the grand jury. The offense is alleged to have been committed at the juryman’s place of business, which is located in a distant part of the city from the courthouse. An attachment was issued requiring defendant to appear at a stated time, and show cause why he should not be adjudged in contempt of court. On hearing, the court found defendant guilty, and sentenced him to imprisonment for three months in the jail of the' District. From the judgment, the case comes here on appeal.
This is an action at law for criminal contempt, and is not an interlocutory proceeding in a civil suit, and therefore within the designation of civil contempts. It is a proceeding independent of any other action, with the defendant on one side and the government on the other, upholding the dignity and authority of one of its courts. This court has jurisdiction to entertain this appeal and review the action of the court- below as to errors of law. Bessette v. W. B. Conkey Co. 194 U. S. 324, 48 L. ed. 997, 24 Sup. Ct. Rep. 665. The organic act (D. C. Code, sec. 226 [31 Stat. at L. 1225, chap. 854]) provides that “any party aggrieved by any final order, judgment, or decree of the supreme court of the District of Columbia, or any justice thereof, . -. . may appeal therefrom to the said court of appeals; and upon such appeal the court of appeals shall review such order, judgment, or decree, and affirm; reverse, or modify the same as shall be just.” Here the order is final, and the party aggrieved has appealed.
It is urged by counsel for defendant that this court has jurisdiction to review the action of the court below, not only as-to questions of law, but as to matters of fact, to the extent, if deemed proper, of modifying the judgment. The broad language of the organic act as to the right of appeal in no way affects the common-law distinction between the right of review in cases at law and in equity. In actions at law, whether tried to a jury or to the court, we are limited in our inquiry strictly to questions of law; while in proceedings in equity, our appel *585 late jurisdiction extends to the review of questions of both law and fact. In a case of this sort the jurisdiction of this court is coextensive with that of the circuit courts of appeals of the-"United States. In Bessette v. W. B. Conkey Co. supra, the-right of appeal and jurisdiction were disposed of as follows: “Considering only such cases of contempt as the present,—that is, cases in which the proceedings are against one not a party to the suit, and cannot be regarded as interlocutory,—we are of opinion that there is a right of review in the circuit court of appeals. Such review must, according to the settled law of this court, be by writ of error. Walker v. Dreville, 12 Wall. 440, 20 L. ed. 429; Deland v. Platte County, 155 U. S. 221, 39 L. ed. 128, 15 Sup. Ct. Rep. 82; Bucklin v. United States, 159 U. S. 680, 40 L. ed. 304, 16 Sup. Ct. Rep. 182. On such a writ only matters of law are considered. The decision of the trial tribunal, court, or jury deciding the facts is conclusive as to them.”
This being an action at law, it could only come here on appeal -with a bill of exceptions properly certified, which corresponds closely to the procedure by writ of error. It therefore follows that the review must be the same as by writ of error,, and “on such a writ only matters of law are considered.” In Gompers v. Buck’s Stove & Range Co. 33 App. D. C. 516, 563, s. c. 221 U. S. 418, 55 L. ed. 797, 34 L.R.A.(N.S.) 874, 31 Sup. Ct. Rep. 492, we held that the record “essential to properly present a law cause for review in this court must be the same as if the case were brought upon writ of error instead of appeal. That being true, the general rule as to the preparation of the record applicable to the appeal of contempt cases-in Federal courts will apply to this court.” This practice has been strictly adhered to since the organization of this court, and has become settled in this jurisdiction.
Defendant assigns as error the refusal of the court to discharge him, because, within the meaning of the law, his conversation with the grand juror was not in the presence of the court or so near thereto as to disturb the administration of justice. Sec. 725, U. S. Rev. Stat. U. S. Comp. Stat. 1901, p. *586 583, whicb confers jurisdiction upon the courts of the United ■States to punisb contempts, is as follows: “Tbe said courts . shall have power to impose and administer all necessary oaths, and to punisb, by fine or imprisonment, at the discretion of the ■court, contempts of tbeir authority: Provided, That such power to punisb contempts shall not be construed to extend to any cases except the misbehavior of any person in tbeir presence, or so near thereto as to obstruct the administration of justice, the misbehavior of any of the officers of said courts in tbeir official transactions, and the disobedience or resistance of any such officer, or by any party, juror, witness, or other person, to ;any lawful writ, process, order, rule, decree, or command of ■ the said courts.” the exact question presented by this assignment was considered by this court in McCaully v. United States, 25 App. D. C. 404, and decided adversely to the contention of defendant in the present case. We have again carefully examined the question in the light of a reasonable construction of the statute, and find no.reason to reverse the former bolding of the court.
At the conclusion of the evidence in the trial below, counsel requested the court to rule, as matter of law, “that the respondent should be discharged because both in bis written return to .the rule to show cause, and in bis testimony before the court, be bad on oath distinctly and clearly denied all the material •allegations of the petition upon wbicb the rule to show cause was issued, relating to bis alleged conversation with said Cres.son E. Eincb at the place of business of the latter,—that be bad thereupon purged himself of the alleged contempt, and .■could be proceeded against, if at all, only by indictment.” the •refusal of the request is assigned as error.
the rule of the common law wbicb permitted a person cited ■ for contempt to acquit himself by an oath denying the charge has led to great conflict of opinion, both in the Federal and State courts of this country. But the rule, so far as' the Fed,-eral courts are concerned, has been completely abrogated by the Supreme Court in the recent case of United States v. Shipp, 203 U. S. 563, 574, 51 L. ed. 319, 324, 27 Sup. Ct. Rep. 165, *587 8 A. & E. Ann. Cas. 265. There, the defendants were cited for contempt for interfering with the process of the court by taking a prisoner from the custody of a sheriff in Tennessee, and murdering him, after an appeal had been granted to the Supreme Court. Mr. Justice Holmes, speaking for the court, said: “Another general question is to be answered at this time. The defendants severally have denied under oath in their answer that they had anything to do with the murder. It is urged that the sworn answers are conclusive, that if they are false the parties may be prosecuted for perjury, but that in this proceeding they are to be tried, if they so elect, simply by their .oaths. . . . Whether or not Rev. Stat. sec. 725 applies to -this court, it embodies the law so far as it goes. We see no reason for emasculating the power given by that section, and making it so nearly futile as it would be if it were construed to •mean that all contemners willing to run the slight risk of a conviction for perjury can escape.” The court suggests that the common-law rule might be applied if intent were the sole question in an ambiguous case, but not where there is personal presence and overt acts. These elements are both present in this case. There is therefore no occasion for further consideration of the question suggested by this assignment
The remaining assignments relate to the exclusion of certain testimony offered on behalf of defendant; the insufficiency of the evidence as a whole to support the judgment; and the extreme penalty inflicted by the court. We have examined the record carefully, and find no reversible error. The case against .defendant is fully sustained by the evidence; and the penalty imposed, which we deem neither extreme nor unusual, we are without jurisdiction to modify, if so disposed. The judgment -is affirmed, with costs, and it is so ordered. Affirmed.
An application by the appellant, made January 4, 1912, for ¡the allowance of a writ of error to the Supreme Court of the 'United States, was denied January 9, 1912, Mr. Chief Justice .Shepard delivering the opinion of the Court:
William A. Pierce has applied for a writ of error from the *588 Supreme. Court of the United States to review a judgment of this court rendered December 4, 1911.
Necessarily, that court is the sole judge of its jurisdiction in the premises. At the same time this court is charged with the-duty of determining, in the first instance, whether it shall take the formal preliminary action that will operate to suspend the execution of its judgment, and transmit the record of its proceedings to the appellate court for review. If in its opinion the right to the writ of error is not conferred by the law, it is its-duty to decline to take the preliminary action demanded, no-matter how important may be the question involved, or how desirous we may be that it shall be set at rest by the court of last resort. If we err in such refusal, there is a ready remedy for the error.
The right to the writ of error is claimed under sec. 250 of the-act to “Codify, Devise, and Amend the Laws Delating to the Judiciary,” approved March 3, 1911. Certain clauses of that section define the particular cases in which the right to review the judgments of the court of appeals of the District of Columbia is conferred. Clause 3d embraces cases involving the-construction or application of the Constitution of the United States, or the constitutionality of any law of the United States; clause 6, cases in which the construction of any law of the United States is drawn in question.
The applicant contends that he has raised questions: 1. As to his right under the 6th Amendment to a trial by jury. 2. As to the construction of sec. 725, Dev. Stat. U. S. Comp. Stat. 1901, p. 583. 3. As to the construction of sec. 226 of the District Code [31 Stat. at L. 1225, chap. 854].
Assuming the correctness of these contentions, it remains to-consider whether the several clauses of sec. 250 are governed by the excepting clause which follows them, and provides that the-judgments of the court of appeals shall be final, among others,, in all cases arising under “the criminal laws.”
Applicant was tried upon a complaint filed by -the District Attorney of the United States, on behalf thereof, charging the-commission of a contempt of court by attempting to tamper *589 with a member of the grand jury. He was found guilty, and sentenced to three months’ imprisonment. It is the judgment .affirming that sentence which he seeks to review.
Congress has the power to make an act in contempt of court a crime, also punishable through a regular and formal criminal prosecution. Sec. 104, Rev. Stat. U. S. Comp. Stat. 1901, p. 55; Re Chapman, 166 U. S. 651, 41 L. ed. 1154, 17 Sup. Ct. Rep. 677. It did not attempt to do this, however, by the provisions of sec. 725, Rev. Stat., under which applicant’s punishment was inflicted. That section, recognizing and reaffirming the inherent power of all courts of the United States to punish acts in contempt of their authority, merely limited the exercise of that power, and prescribed the punishment that might be inflicted.
The case against the applicant is what has been denominated a criminal contempt. It was a proceeding at law between the United States and the defendant to vindicate the authority of one of their courts by punishing an act in contempt thereof. It is therefore in the nature of a criminal proceeding, and governed by the principles and procedure relating thereto, save in inspect of indictment and trial by jury. Gompers v. Buck’s Stove & Range Co. 221 U. S. 418, 444, 55 L. ed. 797, 807, 34 L.R.A. (N.S.) 874, 31 Sup. Ct. Rep. 492.
Clearly, then, the case of the applicant did not arise under a law declaring or regulating civil rights. On the other hand, while it did not arise under a criminal law in its strict sense, that is to say, a law defining and punishing a crime, we think that it did arise under a criminal law within the meaning of that term as used in sec. 250.
In accordance with that conclusion, we consider it our duty to deny the application.
Application denied, but the mandate will be withheld until further order, to enable the applicant to make such application for relief to the Supreme Court of the United States as he may be advised. Denied.