## SANTOS *v.* HOLY ROMAN CATHOLIC AND APOSTOLIC CHURCH, PARISH OF TAMBOBONG.

ERROR TO THE SUPREME COURT OF THE PHILIPPINE ISLANDS.

No. 73.   Submitted January 13, 1909.—Decided February 23, 1909.

A finding by the Supreme Court of the Philippine Islands that the parties sued as defendants do not constitute a judicial entity such as a *cofradia*, is not open to reëxamination in this court.

Where the reasons of the Supreme Court of the Philippine Islands for refusing to grant a new trial on ground of newly discovered evidence

do not appear, their sufficiency must be presumed and the question is not open in this court.

The Roman Catholic Church has a legal personality and the capacity to hold property in the insular possessions of the United States, and this right is not affected by the fact that the property was acquired by gift or from the public funds. *Ponce* v. *Roman Catholic Church*, 210 U. S. 296.

THE facts are stated in the opinion.

*Mr. Charles F. Consaul, Mr. George F. Pollock* and *Mr. Frank B. Ingersoll* for plaintiffs in error.

No counsel appeared, nor was any brief filed, for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an action brought by the defendants in error to recover a chapel. They obtained a judgment which was affirmed by the Supreme Court of the Philippine Islands, and then was brought here by writ of error. The errors assigned are that the court denied the existence of a *cofradia* alleged by the answer to own the property, and held that it was not a "judicial entity," and that it was not entitled to possession; that the court held that the Roman Catholic Church was entitled to the possession of the property; that it denied a motion for a new trial; and that it ordered the defendants to deliver possession to the plaintiffs. The facts found, so far as material, are that the chapel always was devoted to the ceremonies and worship of the Roman Catholic Church until December, 1902, when it was taken possession of by members of an Aglipayan community, who have kept possession and worshipped there up to the present time; that it was built, and, as we gather, the lot on which it stands acquired, from gifts of the residents of the barrio of Concepcion, where the chapel is, these gifts having been intended to be for the uses of the Roman Catholic Church and

for the exclusive benefit of those who professed the Roman Catholic religion; and that many of the benefactors still wish the chapel to be devoted to the former worship and by the present occupation are deprived of its use.

The finding that the existence of the *cofradia* is not proved is not open to reëxamination here, as only questions of law are brought up. So as to the affirmance of the refusal to grant a new trial on the ground of newly-discovered evidence. The evidence may have been important, but the reasons for the refusal do not appear, and must be presumed to have been sufficient, as they very well may have been. The only questions open are those raised by the decision that the Roman Catholic Church is entitled to the possession of the property, and they now have been answered by *Ponce* v. *Roman Catholic Church*, 210 U. S. 296. In that case, *Barlin* v. *Ramirez*, 7 Philippine, 41, on the authority of which the present case was decided, is referred to with approval; the legal personality of the Roman Church, and its capacity to hold property in our insular possessions, is recognized; and the fact that such property was acquired from gifts, even of public funds, is held not to affect the absoluteness of its right. We think it unnecessary to repeat the discussion. In this case the Roman Catholic Church appears to have been in possession until ejected by the defendants without right, and so far as the facts before this court go appears actually to own the property concerned.

*Judgment affirmed.*