# MONSIGNOR HARTY *v.* MUNICIPALITY OF VICTORIA.

## APPEAL FROM AND ERROR TO THE SUPREME COURT OF THE PHILIPPINE ISLANDS.

No. 13.   Argued October 30, 1912.—Decided November 11, 1912.

A suit to recover real estate, like an ordinary action at law, can only be brought to this court from the Supreme Court of the Philippine Islands by writ of error; it cannot be brought by appeal.

Where, as in this case, there is no question of law, this court cannot, on writ of error, review the finding of the Supreme Court of the Philippine Islands that the preponderance of contradictory evidence was on the defendant's side.

*Quære* whether in this case the jurisdictional amount of $25,000 was involved.

Appeal from and writ of error to review 18 Phil. Rep. 600, dismissed.

THE facts, which involve the jurisdiction of this court of appeals from, and error to, the Supreme Court of the Philippine Islands, are stated in the opinion.

*Mr. Frederic R. Coudert,* with whom *Mr. Henry W. Van Dyke* was on the brief, for appellant and plaintiff in error.

*Mr. Felix Frankfurter* for appellee and defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This suit was brought by the Archbishop of Manila to recover a square in the Municipality of Victoria. The church of the town and its parish house stand in this square and they are admitted to be church property, but the land not occupied by them was declared by the Supreme Court to constitute the public square or plaza

of the town, devoted to public uses. The plaintiff brought a writ of error and appealed. The appeal must be dismissed. *Jover* v. *Insular Government,* 221 U. S. 623, 635. *Cariño* v. *Insular Government,* 212 U. S. 449, 456. The suit is like an ordinary action at law, and can be brought to this court only by writ of error, as was done in *Santos* v. *Roman Catholic Church,* 212 U. S. 463, and *Ker* v. *Couden,* 223 U. S. 268.

There is a motion to dismiss the writ of error also, on the ground that the value of the real estate in controversy does not exceed $25,000. Affidavits to that effect are offered, and the order allowing the writ purports to do so on affidavits of the plaintiff and two others, "notwithstanding the fact that by admission of counsel for plaintiff, it appears that the value of the parcel of land for which judgment was rendered in favor of the defendant municipality, exclusive of the value of the adjoining parcel of land with the church and convent situated thereon, title to which is recognized to be in the plaintiff, and damages thereto resulting from the aforesaid judgment, does not exceed twenty-five thousand dollars." We doubt whether the affidavits do not imply the same admission, and whether the action should not be dismissed on that ground. The affidavit of the plaintiff puts the value of the land in controversy at over $25,000 on the manifestly untenable ground that the church edifices are deprived of free egress and ingress by the decision, and the others seemingly mean that the parcel of land with the church buildings included is worth thirty thousand dollars, the buildings being valued at twenty-five thousand dollars—leaving five thousand dollars for the land in dispute.

But the result is the same if we go further. The evidence was contradictory, and although we were invited to consider it on the one side in the light of the relation of the church to the community and on the other in that of the custom by which the plaza is of the essence of a

town, we can do neither. There is no question of law before us—for it hardly was argued, and could not be with any seriousness, that the Supreme Court was not authorized to review the evidence under § 497 of the Philippine Code, or that this court can consider whether it was right in finding the preponderance of evidence to be on the defendant's side.

*Appeal and writ of error dismissed.*