GAUZON *v.* COMPAÑIA GENERAL DE TABACOS DE FILIPINAS.

APPEAL FROM AND IN ERROR TO THE SUPREME COURT OF THE PHILIPPINE ISLANDS.

No. 437. Motion to dismiss or affirm submitted October 15, 1917.— Decided November 5, 1917.

In a proceeding for the registration of land, begun in the Philippine Court of Land Registration and appealed to the Supreme Court of the Islands, where the former court decreed registration of a part of the land to a petitioner claiming all under a mortgage and fore-closure, but refused registration of the rest upon the ground that it was not shown to have been included in the mortgage, and where the latter court, finding as a fact that all was so included, modified the judgment so as to decree that all should be registered: *Held*, that the last mentioned judgment was properly reviewable by writ of error, and, the case being before this court upon such writ, an appeal which was also taken must be dismissed.

Upon writ of error to a judgment of the Supreme Court of the Philip-pine Islands, in a case which was decided upon issues of fact, this

court will not reconsider the conclusions of the court below which find support in the record.

Section 4 of the Act of September 6, 1916, c. 448, 39 Stat. 726, does not abolish the distinction between writs of error and appeals, but only requires that the party seeking review shall have it in the appropriate way notwithstanding a mistake in his choice of proceeding.

The court is not disposed to disturb the judgment of the Supreme Court of the Philippine Islands in this case denying the right of a mortgagor to redeem after foreclosure and sale, the rule announced by the court below being derived from a construction of laws applicable in the Islands.

Affirmed.

THE case is stated in the opinion.

*Mr. F. C. Fisher* for appellee and defendant in error, in support of the motion.

*Mr. Alex. Britton, Mr. Evans Browne* and *Mr. F. W. Clements* for appellant and plaintiff in error, in opposition to the motion.

Memorandum opinion by direction of the court, by MR. JUSTICE DAY.

In this case, submitted upon motion to dismiss or affirm, the present appellee and defendant in error, herein called the Company, made application in the Philippine Court of Land Registration for registration of certain property under the Torrens System. As described and claimed by the Company the hacienda contained 611 hectares, 33 ares, and 82 centares.

The case was twice in the Supreme Court of the Philippines. After its first judgment that court granted a rehearing, and ordered a new trial, and we are concerned now with the writ of error and appeal to this court from the second judgment of the Supreme Court of the Philip-

pines. The Supreme Court states that so far as Romana Gauzon was concerned the hacienda was made up of two portions, one consisting of 465 hectares, 33 ares and 82 centares, by royal grant, while the remaining portion was made up of 146 hectares obtained from other sources. Romana Gauzon had mortgaged the hacienda, and the same was bought by the Company at sheriff's sale; some time thereafter it made the application for registration.

On the retrial, after the first judgment of the Supreme Court, Romana Gauzon claimed to be the owner of the 146 hectares, alleging that they were not included in the mortgage. The Court of Land Registration refused registration of the 146 hectares. That court held that while Romana Gauzon had not shown herself to be the owner of the 146 hectares, the Company had not clearly demonstrated that it was the owner thereof.

The Supreme Court, in the judgment now under review, held that the Company had, as between itself and Romana Gauzon, shown title to the 146 hectares, and modified the judgment of the Court of Land Registration so as to decree the registration of all the land described in the application. This judgment evidently proceeded upon the determination of questions of fact.

The writ of error was the proper method by which to review the judgment of the Supreme Court of the Philippines. *Cariño* v. *Insular Government*, 212 U. S. 449; *Tiglao* v. *Insular Government*, 215 U. S. 410; *Jover y Costas* v. *Insular Government*, 221 U. S. 623. The case being properly here upon writ of error the appeal must be dismissed. Upon such writ the case having been decided upon issues of fact, this court will not reconsider the conclusions of the lower court, which find support in the record, in reaching its judgment.

Whether § 4 of the Act of September 6, 1916, 39 Stat. 726, applies to this action in view of the fact that the appeal and writ of error were taken December 5, 1916,

it is unnecessary to decide, as the section does not change the result. Section 4 provides that the reviewing court shall not dismiss a writ of error because an appeal should have been taken, or dismiss an appeal because a writ of error should have been sued out, but shall disregard such mistakes and take the action appropriate if the proper appellate procedure had been followed. This section does not abolish the distinction between writs of error and appeals, but only requires that the party seeking review shall have it in the appropriate way nowithstanding a mistake in choosing the mode of review.

Upon petition for rehearing in the Supreme Court the plaintiff in error contended that she should have been allowed the right of redemption. Upon that question the court adhered to its first judgment denying the right, and affirmed the doctrine announced in *Benedicto* v. *Yulo*, 26 Phil. Rep. 160. We are not disposed to disturb this judgment of the Supreme Court construing local laws and announcing a rule applicable in the Islands.

The judgment of the Supreme Court of the Philippines is

*Affirmed.*