## ANA MARIA SUGAR COMPANY, INC., *v.* QUINONES.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE FIRST CIRCUIT.

No. 54. Argued October 21, 1920.—Decided December 6, 1920.

1. The rule that errors in rulings of law committed in a trial court cannot be considered on writ of error unless raised by bill of exceptions has no application to rulings by an intermediate appellate court, like the Supreme Court of Porto Rico, although it has power to review the evidence, make new findings of fact and enter such judgment as it may deem proper. Such rulings are part of the record and need not be excepted to. P. 247.
2. The jurisdiction of the Circuit Court of Appeals for the First Circuit under the Act of January 28, 1915, to review judgments of the Supreme Court of Porto Rico, does not include power to review findings of fact made by that court in an action at law. P. 248.
3. A mistake in bringing up such a case by an appeal instead of a writ of error, is cured by the Act of September 6, 1916, but that act does not abolish the distinction between the two modes of review, and the case will be reviewed as on writ of error. *Id.*
4. Where a judgment of the Supreme Court of Porto Rico in an action for breach of contract was assailed in the Circuit Court of Appeals as based on a particular method of measuring damages, alleged to have been erroneous, but it appeared from the opinion of the former court that the damages were allowed on other grounds which were

not assigned as error or otherwise objected to in the Circuit Court of Appeals and were not there considered, *held*, that they could not be insisted upon as grounds for reversal by this court. P. 249.

251 Fed. Rep. 499, affirmed.

THE case is stated in the opinion.

*Mr. E. Crosby Kindleberger* for petitioner.

*Mr. Jorge V. Dominguez*, for respondent, submitted.

MR. JUSTICE BRANDEIS delivered the opinion of the court.

Quinones sued the Ana Maria Sugar Co., Inc., in a district court of Porto Rico to recover damages for breach of an oral contract to deliver sugar. Liability was denied on the ground that plaintiff had agreed to deposit the purchase price in a bank to defendant's credit before the time for delivery and failed to do so. The trial judge, sitting without a jury, found on conflicting testimony that this stipulation was part of the contract; and, as the deposit had not been made, entered judgment for the defendant. Quinones appealed to the Supreme Court of Porto Rico with a bill of exceptions which embodied all the proceedings taken and included the evidence. The Supreme Court did not, like the trial court, make specific findings, but it found as a fact upon a review of conflicting evidence that the stipulation relied upon by the company had not been made, reversed the judgment of the trial court, and itself entered judgment for Quinones in the full amount claimed with interest. 24 P. R. 614. From that judgment the company appealed to the United States Circuit Court of Appeals for the First Circuit and assigned fifteen errors. Ten of them charged in different forms that the findings of fact on the main issue were erroneous; three related to the measure of damages; the others were that the complaint did not set

forth a cause of action and that the facts found were insufficient to support the judgment. The Circuit Court of Appeals held that it could consider the last two errors assigned, since they appeared on the face of the record. It gave as the reason for declining to consider the others, that the company had failed to submit to the Supreme Court any request for rulings and had taken no exceptions to rulings made. Concluding that the complaint set forth a good cause of action, that the Supreme Court had power to enter the judgment for Quinones and that the facts found supported its judgment, the Circuit Court of Appeals affirmed it. 251 Fed. Rep. 499. The case comes here on writ of certiorari. 248 U. S. 555.

*First.* The rule relied upon by the Circuit Court of Appeals for refusing to consider errors assigned is well settled. Errors in rulings of law occurring in the course of the trial cannot be considered on writ of error, unless incorporated into the record by bill of exceptions, *Rodriguez* v. *United States*, 198 U. S. 156, 165, because they are not part of the record proper, *Newport News & Mississippi Valley Co.* v. *Pace*, 158 U. S. 36. Compare *Nalle* v. *Oyster*, 230 U. S. 165. But this rule applies only when the error complained of is that of the trial court. It has no application when the errors assigned are wholly those alleged to have been committed by an intermediate appellate court; for if the intermediate court has erred in its judgment, the error will appear by the record of that court without a bill of exceptions. Compare *Morris* v. *Deane*, 94 Virginia, 572. This is true, although the intermediate appellate court has, like the Supreme Court of Porto Rico, power to review the evidence, to make new findings of fact thereon and to enter such judgment as to it may seem proper. See *Compilation of Revised Statutes and Codes of Porto Rico*, § 1141, p. 241; § 5350, p. 867. Compare *Andrews* v. *Cohen*, 221 N. Y. 148, 152-3. No complaint was made by the company of any action taken by the court of first

instance, which had decided in its favor. The errors assigned in the Circuit Court of Appeals related wholly to action taken by the Supreme Court. The reason given by the Circuit Court of Appeals for refusing to consider the errors assigned was, therefore, unsound. But, for other reasons, which will be stated, its decision was right.

*Second.* Under § 35 of the Act of April 12, 1900, c. 191, 31 Stat. 77, 85, the power to review final judgments and decrees of the Supreme Court of Porto Rico, then exercised exclusively by this court, was limited to matters of law. *Garzot* v. *De Rubio,* 209 U. S. 283; *Gonzales* v. *Buist,* 224 U. S. 126; *Rosaly* v. *Graham,* 227 U. S. 584; *Ochoa* v. *Hernandez,* 230 U. S. 139; *Porto Rico* v. *Emmanuel,* 235 U. S. 251. When that act was superseded by § 244 of the Judicial Code writs of error and appeals from the insular Supreme Court became subject to the same regulations which governed appeals from the district courts of the United States. Thereby this court acquired power to review questions of fact in cases coming to it on appeal in equity or admiralty, *Elzaburu* v. *Chaves,* 239 U. S. 283, 285; but in actions at law which are reviewable on writ of error, there was no right in this court to review the facts, although the case was tried without a jury. *Behn* v. *Campbell,* 205 U. S. 403, 407. The jurisdiction to review judgments and decrees of the Porto Rico courts conferred upon the Circuit Court of Appeals by Act of January 28, 1915, c. 22, 38 Stat. 803, is subject to the same limitation. The cause of action here sued on is in its nature a legal one. The review should therefore have been prosecuted by writ of error instead of by appeal, although the case was tried without a jury. *Oklahoma City* v. *McMaster,* 196 U. S. 529. By reason of § 4 of the Act of September 6, 1916, c. 448, 39 Stat. 727, this failure to adopt the proper appellate proceeding is no longer fatal. But the provision does not abolish the distinction between writs of error and appeals. It merely provides that the party seeking review

shall have it in the appropriate way, notwithstanding a mistake in choosing the mode of review. *Gauzon* v. *Compañia General, etc.*, 245 U. S. 86.

It was not contended in the insular Supreme Court that there was no legal evidence to support the finding of the district court. Its judgment was reversed solely because the insular Supreme Court reached a different conclusion on the issue of fact raised by conflicting testimony. Nor was it contended in the Circuit Court of Appeals that there was no legal evidence on which the insular Supreme Court could properly rest its finding. Ten of the assignments of error were directed to findings of fact by the Supreme Court. As these assignments of error raised no question of law and as the Circuit Court of Appeals had no power to review findings of fact in an action at law, it properly denied consideration to these ten assignments of error.

*Third.* It is contended that the judgment of the Circuit Court of Appeals should be reversed because the Supreme Court adopted an erroneous measure of damages. The contract was made August 4, 1914, and the contract price was $3.22½ per hundred weight. All the sugar was to have been delivered before the close of the following week which ended on August 15. The Supreme Court allowed as damages the sum of $6,173.24 with interest. It is insisted here that the sugar was deliverable in instalments; that there was a gradual rise in sugar between August 6 and August 15; and that the Supreme Court should have determined the amount recoverable by ascertaining the market price when each of the instalments was deliverable.

In the Circuit Court of Appeals the company likewise assigned as error that the Supreme Court had allowed compensation based upon the difference between the contract price of the sugar and its market price at the end of the term fixed for delivery. This assignment en-

titled it to have that question considered in the Circuit
Court of Appeals, although no exception had been taken
in the Supreme Court. The Circuit Court of Appeals
did not consider whether the Supreme Court had adopted
the proper measure of damages. It decided only that
the Supreme Court was not obliged to send the case back
to the court of first instance to fix the damages; that it
had power to do so itself upon a review of the evidence
introduced below; and that its discretion in doing this
could not be said to have been exercised unreasonably,
since the question of damages had been tried fully below,
citing *Burnet v. Desmornes*, 226 U. S. 145, 148.

The difficulty with the company's contention is that
it does not appear that the Supreme Court fixed the
amount of the recovery by applying the measure of dam-
ages objected to. The contention that it did so finds some
support both in the complaint and in the evidence. But
the opinion which discusses the subject of damages at
length rests the allowance on other grounds. The court
found that the company had, during the month of August,
sold at $6.52 large quantities of sugar, including the lot in
question, and justified its allowance of damages on three
grounds: (1) That on the facts the profits through sale
at increased market prices were in contemplation of the
parties when the contract was entered into, and the profit
which would have been earned, being ascertainable, could
be recovered at common law; (2) that the profits were
earned by the company on sugar actually belonging to
Quinones, and that under the Civil Code of Porto Rico
he was entitled to these profits either "as damages or as
the proceeds of a resulting trust"; and (3) that if the
company wished to limit the damages by the market
price on August 6, it must have proved that other sugar
was obtainable on that day in Porto Rico, at what it
contended was the then market price, but that it had not
done so. These rulings by the Supreme Court on the

measure of damages were not assigned as error in the Circuit Court of Appeals and so far as appears objection to them was not otherwise called to its attention. Under Rule 11 of that court, 150 Fed. Rep. xxvii, errors not assigned are to be disregarded, except that the court, in its discretion, may notice a plain error not assigned. As the above rulings of the Supreme Court on the measure of damages were not assigned as errors in the Circuit Court of Appeals and were not considered by it they cannot be insisted upon here as grounds for reversal.[1]

The judgment of the Circuit Court of Appeals is

*Affirmed.*

---

[1] Compare *Davis* v. *Hines*, 6 Oh. St. 473, 478; *Litchtenstadt* v. *Rose*, 98 Ill. 643; *Taylor* v. *Pierce*, 174 Ill. 9, 12; *Wilson* v. *Vance*, 55 Ind. 584, 591.