## DANGELO et al. v. McLEAN FIRE BRICK CO.

(Circuit Court of Appeals, Sixth Circuit. March 6, 1923.)

No. 3728.

1. **Appeal and error ⬅703—Refusal to charge not reviewable, where request to charge not in record.**

Error in refusing to charge as requested is not reviewable, where transcript of record does not contain appellant's request to charge.

2. **Appeal and error ⬅928(3)—In absence of evidence in record, charge presumed applicable to evidence.**

Where the transcript of the record does not contain the evidence, the presumption obtains that the court's charge was correct and responsive to the issue as developed by the evidence as well as by the pleadings.

3. **Nuisance ⬅11, 61—Deposit of brick plant refuse on another's premises not a public nuisance, and right may be acquired by prescription.**

In action to recover from a brick company special damages for injury to plaintiffs' private property occasioned by the deposit of sulphur fumes, poisonous vapor, and viscous substances, where defendant pleaded prescription, the contention of plaintiff that defendant could not acquire any easement to commit a public nuisance was not applicable to the facts, as the deposit of the named substances on plaintiffs' property was not a public nuisance, and the right to make such deposit on plaintiffs' premises could be acquired by prescription.

4. **Nuisance ⬅54—Charge that brick plant's use of soft coal was not unlawful held proper.**

In action to recover from a brick company special damages for injury to plaintiffs' private property occasioned by the deposit of sulphur fumes, poisonous vapor, and viscous substances a charge that the use of bituminous coal in the operation of a brick plant was not unlawful was proper; defendants' liability for the full amount of damages for which it was legally responsible not being affected by the quality of fuel it used.

5. **Damages ⬅87(2)—No punitive, where no actual, damages.**

Where plaintiff has not proved right to actual damages, no punitive damages are recoverable.

6. **Appeal and error ⬅1068(4)—Instruction held not prejudicial.**

Any error in a charge which could affect only plaintiffs' right to punitive damages was not prejudicial, where the jury found against plaintiffs on the question of actual damages, thereby precluding allowance of punitive damages.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; D. C. Westenhaver, Judge.

Action by Guesaldo Dangelo and another against the McLean Fire Brick Company. Judgment for defendant, and plaintiffs bring error. Affirmed.

The plaintiffs in error are the owners of a tract of land containing about 50 acres located in Columbiana county, Ohio, upon which is situated a dwelling house and barn. This property was occupied by them as a home and for agricultural purposes. The defendant in error, a corporation organized under the laws of Delaware, owned and operated a brick plant on a tract of land south and directly adjacent to these premises. The defendant is also the owner of the fire clay and coal in, on and underlying the land owned by plaintiffs in error.

The plaintiffs in error brought action in the District Court against the brick company to recover on two separate causes of action: First, for

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

damages occasioned to plaintiffs' land by negligently and carelessly mining the clay and coal therefrom and failing to leave sufficient supports to protect the surface; second, for damages occasioned to plaintiffs' premises from smoke, sulphur fumes, poisonous vapors, and liquids thrown into the atmosphere from defendant's brick plant and carried by the currents of air over plaintiffs' premises and deposited thereon, in dust, vapor and viscous deposits, which poisoned the soil and destroyed all vegetable life, including a valuable orchard.

The defendant for answer to plaintiffs' first cause of action admitted plaintiffs owned the land described in the petition; that the coal and clay underlying the same is owned by the defendant; that it mined the same for use in its manufacturing plant and denied each and every other allegation contained in the first cause of action, and for a second defense thereto averred that this cause of action did not accrue to plaintiffs within four years next preceding the commencement of the action.

To the second cause of action the defendant, in addition to a general denial, laches, and the bar of the Ohio statutes of limitation, averred that there was an implied reservation of this servitude in plaintiffs' land when sold and conveyed by defendant's predecessor in title to plaintiffs' predecessor in title; that plaintiffs' property is located near a railroad and railroad yard and in a manufacturing district and that any damages to plaintiffs' property necessarily resulted from the reasonable operation and conduct of the railroad yard and factories in that vicinity; that defendant and its predecessors in title had acquired an easement by adverse use for more than 21 years.

To this answer the plaintiffs filed a reply specifically denying the existence of an easement or an implied reservation of any right in favor of defendant in plaintiffs' property and averring that the other factories and railroads in this vicinity contributed no more than a trifling amount to the creation of the nuisance. Upon the issue so joined the jury returned a verdict for the defendant and judgment was entered accordingly.

P. M. Smith, of East Liverpool, Ohio, for plaintiffs in error.

W. F. Lones, of East Liverpool, Ohio (Lones, Hill & Davidson, of East Liverpool, Ohio, and Squire, Sanders & Dempsey, of Cleveland, Ohio, on the brief), for defendant in error.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

DONAHUE, Circuit Judge (after stating the facts as above). [1] The plaintiffs in error ask a reversal of this judgment for error in refusing to charge as requested and for errors in the charge as given to which exceptions were taken. The first of these alleged errors cannot be considered by this court for the reason that the transcript of the record does not contain plaintiffs' request to charge. Sugar Co. v. Quinones, 254 U. S. 245, 41 Sup. Ct. 110, 65 L. Ed. 246.

At the close of the charge, counsel for the plaintiff took the following exceptions:

First. "As to what the court said as to the right of easement and prescription which might be found in favor of the defendant." Second. "As to what the court said as to the fuel not being proper for them to consider as to the class of fuel there used."

These portions of the charge, to which exceptions were taken, have no application whatever to the first cause of action, and therefore the judgment of the trial court upon that cause of action must be affirmed.

[2, 3] The transcript of the record does not contain the evidence; therefore, the presumption obtains that the charge of the court was

correct and was responsive to the issue as developed by the evidence as well as by the pleadings. Jones v. Buckell, 104 U. S. 554, 26 L. Ed. 841. It is contended, however, that, regardless of the evidence, the defendant could not acquire any easement to commit a public nuisance or violate a statute of a state. That question, however, is not presented by this record. The defendant is engaged in a legitimate business and whether, in the conduct of that business, it has violated a statute of the state or created or maintained a public nuisance are questions that depend entirely upon the facts established by the evidence as to the location of its factory in a residential or manufacturing district and the quantity and offensive character of the fumes, soot, and smoke cast into the surrounding atmosphere.

However that may be, the plaintiffs are seeking to recover special damages for injury to private property occasioned by the deposit upon plaintiffs' premises of sulphur fumes, poisonous vapors, and viscous substances. The deposit of these substances upon plaintiffs' private property is not a public nuisance. The public nuisance, if any, consists in the pollution of the atmosphere by these fumes, vapors, and substances before they are deposited upon plaintiffs' land, and while the plaintiffs could not grant the defendant the right and the defendant could not acquire an easement to maintain a public nuisance, nevertheless the plaintiffs could grant the right to defendant to deposit any refuse from its plant upon plaintiffs' property, and whatever rights may be acquired by grant may be acquired by prescription. 19 Corpus Juris, 904, 905; Wellington v. Cambridge, 220 Mass. 312, 107 N. E. 976; Hulme v. Shreve, 4 N. J. Eq. 116.

The plaintiffs cannot predicate their action for damages to their private property upon the creation or maintenance of a public nuisance unless they suffered special damages differing in kind from the injuries or annoyances common to the public. In this case, if the plaintiffs had granted to the defendant the right to deposit these fumes, vapors, and viscous substances upon their premises they would suffer no injury from the maintenance of such public nuisance, differing in kind from the injury common to the public, for which they would have a right of action. An easement acquired by prescription presumes a grant, so that the same result must follow, if the defendant did in fact acquire an easement either by prescription or by implied reservation.

It is further claimed that no statute of limitation will run until after the damage has been done, and that it was only within the last three or four years that the accumulation of poison has produced substantial injury. In the absence of the evidence or a special finding by the jury as to when the damages occurred, the record does not present this question.

[4] The court properly charged the jury that the use of bituminous coal in the operation of a brick plant is not unlawful. This plant was constructed in 1891 and ever since that time it has used bituminous coal for fuel in the operation of its plant. If the defendant acquired any easement in plaintiffs' property by prescription or implied reservation that easement contemplated the use of bituminous coal by defendant in the operation of its plant. If, however, the defendant acquired

no easement in the plaintiffs' land, then, if liable at all, it is liable for all the damages accruing to plaintiffs' property, regardless of the character of the fuel used.

It may be true that in an action for injunction, a court of equity might enjoin the use of bituminous coal in certain locations if other fuel were available. It is, however, wholly unnecessary for this court to decide that question for the reason that this is an action at law to recover damages for injuries already suffered. The fact, if it is a fact, that the defendant might have avoided damaging plaintiffs' property or might have lessened the damages to plaintiffs' property by the use of other fuel is now unimportant. It is too late to change the facts. The damage is done, and if defendant is liable to plaintiffs for that damage it must pay in full.

[5,6] It is claimed, however, that the fact that a cheap grade of coal was used by defendant would entitle the plaintiffs to recover punitive damages. The jury having found against the plaintiffs upon the question of actual damages, of course, no punitive damages could have been allowed. For this reason the charge of the court in this respect, even if it were conceded to be erroneous, could not have been prejudicial to the plaintiffs.

The judgment of the District Court is affirmed.