## DEL VALLE v. ROSSY.

Circuit Court of Appeals, First Circuit.
November 27, 1928.

No. 2196.

354

See, also, In re Zeno, 14 F.(2d) 418.

Henri Brown and Manuel Rodriguez Serra, both of San Juan, Porto Rico, for appellant.

Jose A. Poventud, of Ponce, Porto Rico, for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. This is an appeal from a judgment of the Supreme Court of Porto Rico in favor of the plaintiff, the appellee, in an action of unlawful detainer brought by him against the defendant, the appellant, to recover the possession of certain property leased by the former to the latter. The action was brought in the District Court of San Juan.

In the declaration it was alleged:

That the plaintiff resided in Trujillo Alto and the defendant in Rio Piedras. That the land in question was situated in Trujillo Alto, and that on June 1, 1922, the plaintiff leased to the defendant the land in question, specifically describing it. That by the fifth and sixth clauses of the lease contract it was stipulated:

"5. The 'quarry right' aforesaid shall consist in the payment by Del Valle Zeno to Rossy of a fixed amount of money for each cubic meter of stone extracted for sale by the former in accordance with the following scale:

"A. If the extraction should be 400 cubic meters during each month or less than that amount, or even if there should be no extraction, Del Valle Zeno shall pay to Rossy the sum of $100 a month within the first five days of the following month and beginning to count from the date of the making of this contract which is signed by both parties.

"B. If the extraction should be to the amount of 400 cubic meters and more, then Del Valle Zeno, in addition to the $100 fixed in the preceding paragraph, shall pay to Rossy ten cents for each cubic meter of stone in addition to the 400 meters fixed in paragraph A extracted by Del Valle Zeno for sale, making the payments also within the first five days of the month following the extraction and beginning to count from the date of the making of this contract which is signed by both parties.

"6. In order to determine the number of cubic meters of stone extracted monthly for sale by Del Valle Zeno the following rule shall be observed:

"The representative of Rossy shall make daily notes of the stone extracted for sale in accordance with the vouchers of transportation or tickets which for each truck or other vehicle leaving the property shall be given to him by the representative of Del Valle Zeno. These transportation vouchers or tickets shall bear the name of the driver, the number of cubic meters of stone, the date on which the transportation is made and be signed by Del Valle Zeno or his agent. When the trucks haul pulverized stone (carbonate of lime) each ton and a half of powdered stone is considered as a cubic meter of stone. The total number of cubic meters stated in the transportation vouchers or tickets during the month shall be paid by Del Valle Zeno to Rossy within the first five days of the following month in accordance with the fifth clause in the manner established."

That by the fifth clause of the contract the defendant agreed to pay the plaintiff as rent of the land described a certain sum of money in the manner and at the time therein stated, but notwithstanding a demand was made by the plaintiff, the defendant failed to pay him the sum of $51.42 of the rent for the month of June, 1924, and also the total amount of the rent for the month of July, 1924. That the defendant had not complied with the sixth clause of the contract as to giving vouchers or tickets on any of the days since the contract went into effect.

The prayer was that judgment be rendered against the defendant, requiring him to vacate the property within the time fixed by law, imposing costs.

In his answer the defendant admitted the residence of the parties; that on June 1, 1922, "the plaintiff leased to the defendant" the land in question; and that the lease contained the fifth and sixth clauses above set out.

As a special defense the defendant alleged that a short time after the lease contract was made the parties agreed that the rent should not be paid exactly within the first five days of the following month as provided in the lease, as the plaintiff desired a part of the rent should be advanced to him when needed; and that, pursuant to this, sums were advanced from time to time, all of which were charged to the installments of rent; that in the lease no place was fixed for the payment of the rent; and that shortly after the lease was executed the parties

agreed that it should be paid at the residence of the defendant, the plaintiff coming to receive it.

The defendant denied that the sum of $51.42 of the rent for the month of June had not been paid; and as to the rent for the month of July, that it was at the disposal of the plaintiff on August 5, 1924, at the defendant's office in San Juan; that the plaintiff did not come to collect it, and the defendant on August 5th sent a check for it to the plaintiff by mail, which manner of payment had been agreed upon by the parties; that this check was for $185.80, that being the balance due, and was made payable to the plaintiff's order; that on August 11th the plaintiff returned the check to the defendant by mail.

He also denied the allegations as to the sixth clause of the contract, and alleged that he had complied with all the provisions of that clause by delivering to the agent of Rossy daily the tickets and vouchers called for therein.

In the District Court, after hearing, the action was dismissed on the ground that the contract was not a lease and therefore the action of unlawful detainer would not lie, although the plaintiff had alleged in his complaint that it was a lease and the defendant in his answer had admitted that it was. The case was then appealed to the Supreme Court of Porto Rico. That court held that the contract was a lease; that the action of unlawful detainer would lie; and vacated the judgment and remanded the case to the District Court for trial on the merits. No exception was taken or saved to this judgment.

After the case was remanded to the District Court, the parties by oral stipulation made in open court submitted the case on the pleadings and the stenographic report of the evidence taken at the first hearing. The District Judge, after considering the evidence, rendered an opinion embodying findings of fact and rulings of law. In construing the sixth clause of the contract he ruled that by it the defendant, the lessee, was obliged "to deliver to the representative of the plaintiff, so that he might make a daily note of it, a voucher or ticket for each truck leaving the property at the time when the truck left"; and found as a matter of fact that this requirement was not complied with.

He also found that the plaintiff, by his agent, on the 5th day of August, 1924, went to the defendant's office in San Juan and at 5 o'clock in the afternoon of that day demanded a statement of the rent for July, 1924, and a check in payment thereof; and that the statement and check were not delivered or deposited in the mail addressed to the plaintiff on that day, because the bookkeeper had failed to prepare the statement and have the check ready for payment. He also made certain findings in regard to payment of the rent for the month of June, 1924, but as this ground of default, if it was such, has been eliminated from the case, it is unnecessary to say more about it.

A judgment having been rendered for the plaintiff, an appeal was taken to the Supreme Court. On that appeal the defendant assigned as error the ruling of the court below that the defendant was required by the contract to deliver tickets or vouchers at the time a truck left the premises, and its finding that he had failed to do so; also, the ruling that the defendant was required to pay the rental for July, 1924, within the first five days of the month of August; and in finding that the plaintiff demanded a statement of the rent for July, 1924, and a check therefor on the 5th of the following August, and that it was not delivered on that day or deposited in the mail.

When the case was before the Supreme Court on this appeal, it rendered an opinion in which it discussed at length the questions of law and fact raised by the assignments of error, and sustained the court below in its construction of the sixth paragraph of the contract, wherein that court ruled that it obligated the defendant to deliver tickets or vouchers at the time the trucks left the premises, and found this provision of the lease had not been complied with. It pointed out that the evidence on the question of the time when the tickets or vouchers were delivered was conflicting, and stated that it was convinced of the falsity of the defendant's testimony that daily delivery of vouchers was made, even if, as defendant contended, the sixth paragraph of the contract called for daily deliveries and not as a load left the premises; and found that the defendant "persistently violated the sixth clause of the agreement of lease"; that the plaintiff had at most merely tolerated the delinquency and that mere tolerance on his part did not amount to a modification of the contract.

It also ruled that by the terms of the fifth clause the payments of rents were to be made within the first five days of the month following that in which stone was quarried and removed from the leased premises or might have been so quarried and removed; and that if such meaning was not clear the parties by their conduct had given it a practical interpretation and had so construed it; that

356

August 5, 1924, was the last day on which payment of the preceding July rent could be made in compliance with the contract, and found that it was not so made, although demanded on the afternoon of that day; that Francisco Nogueras, municipal judge of Lares, testified that on the afternoon of August 5th, at 5 o'clock, he went at the request of the plaintiff to the defendant's office and said to Gardon, the defendant's agent there in charge, that he had come on behalf of Rossy to receive the check and statement for the preceding month of July; that Gardon said he could not give it to him; that they had been very busy and would send it within two or three days. The court in giving weight to this testimony said that he was the only disinterested witness in the case on this point, and that no adequate or truthful explanation had been given for the failure of the defendant's agent to deliver the voucher or statement when demanded. It found that Nogueras' testimony was true and that the defendant was unprepared and unable to furnish the statement and check at the time of the demand, as his agents stated at the time; that if the real reason for the refusal to deliver the check was the one now advanced—that the defendant's agent, Gardon, did not know Nogueras—Gardon should have said so at the time the demand was made, when the evidence showed Nogueras could have been readily identified; that the proof of default in the payment of the July rent was clear and convincing and "that any doubt as to the necessity of a demand * * * was removed by the request for payment made on the afternoon of August 5, 1924"; that undoubtedly a "letter containing the usual check and statement, deposited in the mail and addressed as all previous communications had been to Jesus M. Rossy, San Juan, Porto Rico, if so addressed and deposited before midnight of August 5th would have relieved the defendant from any further responsibility by reason of the long established practice in this regard," for this would have been in accordance with the established custom and according to that custom no demand was necessary. But that the uncontradicted evidence of the post office employés established the fact that the letter and check dated August 5th were deposited in the San Juan post office on the afternoon of August 7th; that the evidence showed beyond the shadow of a doubt that the defendant was in default as to payment of the July rent and that it was not satisfied, any more than the District Court was, that the plaintiff had requested the defendant to retain the

monthly checks and statements in his office until called for.

The Supreme Court, having so ruled and found, rendered judgment for the plaintiff, as the District Court had done. It is from this judgment that the present appeal is taken.

By his assignments of error the appellant seeks to raise three questions: (1) That the Supreme Court erred in holding, on Rossy's first appeal, that the contract in suit was a lease; (2) in ruling that Del Valle, the lessee, was required by the fifth clause of the lease to pay the rent for the month of July, 1924, on or before August 5, 1924, and in finding that he did not do so; and (3) in ruling that Del Valle by the terms of the sixth paragraph of the lease was required to deliver tickets or vouchers for each truck load when it left the premises, and in finding that he was in default in this respect.

Although the case is here on appeal, the action is a suit at law, and law questions are the only ones now open for consideration. The facts found in the court below are conclusive, if there was any evidence from which they could have been found. Ana Maria Sugar Co. v. Quinones, 254 U. S. 245, 41 S. Ct. 110, 65 L. Ed. 246; Société Anonyme v. Polanco (C. C. A.) 6 F.(2d) 3; Gandia v. P. R. Fertilizer Co. (C. C. A.) 291 F. 18, 20. It apparently is not contended that the findings are without evidence for their support, and no such contention could reasonably be made.

The first question as to which the appellant asserts error is not properly before us, for no exception was taken to the ruling of the court upon which it is based. But apart from this the contract was plainly one of lease. The defendant admitted in his answer that it was a lease; the Supreme Court held it was; and we have no doubt as to the correctness of that holding. The contract being a lease, the remedy adopted by the plaintiff to repossess himself of his property was a proper one; and while the process was of a summary nature, the defendant cannot complain on that score, for he was accorded all the privileges to which he would have been entitled had the process been a plenary suit.

We are also of the opinion that the court below did not err in ruling that the lessee was required by the terms of the fifth paragraph of the lease to pay the rent for the month of July, 1924, on or before August 5, 1924; or in finding, if a demand was necessary in order to put the defendant in default, that such a demand was made.

It is hardly conceivable that any other construction could be put upon this clause of the lease. This default alone is sufficient to sustain the judgment under review; and this being the situation, it is unnecessary to consider the ruling construing the sixth paragraph of the lease.

The judgment of the Supreme Court of Porto Rico is affirmed, with costs to the appellee.