L. H. EARNHARDT AND WIFE, BEULAH LYERLY EARNHARDT, v. FRANK R. BROWN AND STAHLE LINN, TRUSTEES, AND D. A. RENDLEMAN, TRUSTEE IN BANKRUPTCY OF PERPETUAL BUILDING & LOAN ASSOCIATION.

(Filed 15 May, 1929.)

1. **Building and Loan Associations D a—Borrowing stockholder not entitled to have debt credited with amount paid in on stock.**

Equality among the stockholders of an insolvent building and loan association requires that the solvent credits of the association be collected, thus placing the borrowing and nonborrowing stockholders on a parity,

second, that the debts be paid, and third that the balance be distributed according to the respective rights of the parties, and the borrowing stockholders are not entitled to first deduct from their debt to the corporation the amounts they have respectively paid on their shares of stock from the amount they are obligated for on the mortgage debt.

2. **Same—Joinder of Trustee in bankruptcy not prejudicial to stockholder suing in State court to enjoin foreclosure by receivers—Parties.**

Where a borrowing stockholder in a building and loan association has filed his proof of claim in bankruptcy proceedings of the association in the Federal court and brings suit in the State court to enjoin the foreclosure of the mortgage securing the loan, he may not successfully maintain that the trustee in bankruptcy, appointed in proceedings regular upon their face, made a party by order of the State court, was not a necessary party therein, nor are his rights prejudiced thereby.

APPEAL by plaintiffs from *Harding, J.,* at February Term, 1929, of ROWAN.

Civil action by plaintiffs, subscribers to stock in the bankrupt Perpetual Building & Loan Association and borrowers therefrom, to restrain foreclosure of their deed of trust and to cancel the indebtedness secured thereby, after deducting the payments made on their stock from the amount borrowed. The trustee in bankruptcy, by order of court, came in and made himself a party defendant and resisted plaintiffs' demand.

From a judgment authorizing a foreclosure of the deed of trust, and denying plaintiffs the relief sought, they appeal, assigning errors.

*H. L. Taylor and Joe W. Ervin for plaintiffs.*
*Rendleman & Rendleman, T. C. Furr and John M. Robinson for defendants.*

STACY, C. J. Equality among the stockholders of an insolvent building and loan association requires, first, that the solvent credits of the association be collected (thus placing the borrowing and nonborrowing stockholders on a parity), second, that its debts be paid, and, third, that the balance be distributed according to the respective rights of the parties. *Rendleman v. Stoessel,* 195 N. C., 640, 143 S. E., 219. This is what the defendants are trying to accord the plaintiffs in the present suit. It is all they are entitled to receive.

But failing in their effort to have the payments made on their stock deducted from the amount borrowed, which would credit them with all they have paid on their stock at the expense of the other stockholders, the plaintiffs take the position that the Perpetual Building & Loan Association is not amenable to the Federal Bankruptcy Act, and that the trustee in bankruptcy is not a proper party to this action.

The proceeding in bankruptcy, which has been pending for more than two years, and in which plaintiffs filed claim for the amount paid on their stock, is not void on its face. The allegations of the petition are sufficient to give the Federal Court jurisdiction, and it has decided the question against plaintiffs' contention. *First Nat. Bank v. Klugg,* 186 U. S., 202. This distinguishes the instant case from *Vallely v. Northern Fire & Marine Ins. Co.,* 254 U. S., 248, strongly relied on by plaintiffs. The same point was raised and resolved against the position of the plaintiffs in *Rendleman v. Stoessel, supra.*

Furthermore, it could avail the plaintiffs nothing to have this question decided in their favor. What boots it to them whether they pay their note to the trustee in bankruptcy or to receivers appointed by the State court? They must pay it to somebody. Up to the present, they have been accorded the same consideration as the other borrowing stockholders. They have no right to demand more. It is not contended that they have received less. The plaintiffs have no just cause for complaint.

The verdict and judgment will be upheld.

No error.