## BENGOECHEA MACIAS v. DE LA TORRE & RAMIREZ.

### No. 3090.

Circuit Court of Appeals, First Circuit.

July 24, 1936.

Mariano Acosta Velarde, of San Juan, P. R. (Daniel Pellon, Jr., of San Juan, P. R., on the brief), for appellant.

Miguel Olmedo and R. De La Torre, both of San Juan, P. R., for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

MORTON, Circuit Judge.

This is a suit by a firm of attorneys to recover for professional services. It was tried in the District Court of San Juan, where the plaintiffs recovered judgment; on appeal by the defendant to the Supreme Court of Puerto Rico, the judgment was affirmed; the present appeal was then taken. We shall refer to the parties, plaintiff and defendant, as they appeared in the trial court.

In the complaint the plaintiffs' claims were stated in two counts. The first was on an account stated and agreed to by the defendant in the amount of $39,025 less certain admitted credits; it covers the period from 1920 to March or July, 1924. The second count in the complaint is on a quantum meruit for legal services; it covers the period from the end of the first count in 1924 to 1926. It was not pressed at the trial and the District Judge found for the defendant upon it. The judgment appealed from rests on the first count alone.

The only defenses relied on at the trial were: (1) That the account sued on had never been agreed to by the defendant; and (2) that a reduction or credit of $15,025 which had been agreed to by the plaintiffs had been omitted. If this reduction or credit were allowed, the balance (deducting previous payments) would be $1,404.50, which sum the defendant, in her special affirmative defenses, admitted was due and offered to pay. In view of this admission, the only real contest was as to the claimed reduction; and the case was fully tried on this basis, the defendant contending that she had never assented to the bill for $39,025, but had assented to one for $24,000 gross.

The District Judge found on very conflicting testimony that the account had been agreed to on behalf of the defendant by her brother who acted as her agent in the matter at $39,025, and that the reduction or credit of $15,025 claimed by her had not been made. He accordingly gave judgment for the plaintiffs for the full amount claimed. The Supreme Court affirmed these findings.

The defendant asks us to hold that both courts were in error on these questions of fact. As the plaintiffs' claim rests on rights strictly legal in character according to the classification which is followed in the federal courts, the appeal brings up only questions of law; we have no power to review findings of fact. Ana Maria Sugar Co. v. Quinones, 254 U.S. 245, 248, 41 S.Ct. 110, 65 L.Ed. 246; Id., 251 F. 499 (C.C.A.1); Behn v. Campbell, 205 U.S. 403, 407, 27 S.Ct. 502, 51 L.Ed. 857. The statute substituting an appeal for a writ of error in such cases (28 U.S.C.A. § 861a) did not enlarge the appellant's rights [Talent v. United States, 32 F.(2d) 630 (C.C.A. 1)]; and the statute under which appeals from the Supreme Court of Puerto Rico now come to this court (28 U.S.C.A. § 225 (a), is the same in this respect as that under which such appeals formerly went to the United States Supreme Court. It is a legal anomaly due to federal statutes and the judicial interpretation of them that the extent of review on appeal from courts administering the civil law should be governed by a procedural distinction unknown in those courts or in that system of law. But the rule as stated is too well established to be open to question. We may add that in view of the very conflicting testimony and of the absence of clearly established facts from which a confident conclusion could be drawn in opposition to that of the Supreme Court, we should if free to re-examine the facts have affirmed the judgment on this point.

The defendant also contends under section 1247 of the Revised Civil Code (1930) that the alleged agreement between the plaintiffs and her agent, accepting on her behalf the plaintiffs' statement of account, should have been in writing in order to be binding on her. This point was not pleaded in the answers, and was not raised in any form in the trial court. The Supreme Court held for reasons stated in its opinion on the motion for reconsideration that the point could not be raised for the first time on appeal. As the question is one of local procedure under the Civil Code,

the judgment of the Supreme Court carries the greatest possible weight short of being conclusive. No persuasive authorities are cited against it. The view on which it rests is analogous to that which generally prevails in common law jurisdictions with respect to the statute of frauds. The highly technical objection by the defendant to the formal sufficiency of the complaint which was not raised either in the trial court or in the Supreme Court cannot be entertained at this stage of the proceedings.

The remaining points raised by the defendant relate to the refusal of the trial court to receive evidence as to the reasonable value of the plaintiffs' services. We do not undertake to express an opinion as to the reasonableness of the charges. This issue was correctly and adequately dealt with in the opinion of the Supreme Court which points out that: "The first cause of action was upon the theory of an account stated and agreed upon, and if the plaintiffs-appellees were right, no question of the reasonableness of the services could arise in the court below or in this appeal. The sole question would then be as to whether or not there was such an agreement, or perhaps whether there could be such an agreement, and other matters relating to the inclusion or exclusion of evidence. The second cause of action was abandoned, and hence all questions as to the reasonableness of the services disappear from the case."

The judgment of the Supreme Court of Puerto Rico is affirmed, with costs to the plaintiffs, appellees.