**BONET, Treasurer, v. SOUTH PORTO RICO SUGAR CO.**

No. 3130.

Circuit Court of Appeals, First Circuit.

Nov. 5, 1936.

William C. Rigby, of Washington, D. C. (B. Fernandez Garcia, Atty. Gen. of Puerto Rico, and Nathan R. Margold, Sol. for Department of Interior of Washington, D. C., of counsel), for appellant.

James R. Beverley, of San Juan, Puerto Rico (Francis E. Neagle and Rounds, Dillingham, Mead & Neagle, all of New York City, on the brief), for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

BINGHAM, Circuit Judge.

This is a suit in the nature of an action at law brought by the South Porto Rico Sugar Company against Rafael Sancho Bonet, Treasurer of Puerto Rico, to recover the sum of $36,714.62, the same being the amount of income taxes for the fiscal year ending September 30, 1919, and claimed to have been illegally assessed against the plaintiff and paid under protest. The action was brought in the District Court of San Juan. In that court the plaintiff was allowed to recover the sum of $7,137.20, with interest at 6 per cent. from September 5, 1930. From this judgment the plaintiff appealed to the Supreme Court of Puerto Rico. In the Supreme Court the judgment of the lower court was reversed, and, on January 18, 1935, judgment was entered for the plaintiff in the sum of $36,714.62 with interest at 6 per cent. per annum from September 5, 1930.

So far as the transcript of record and the papers filed in this court disclose, the appeal from the judgment of January 8, 1935, was applied for and allowed on April

24, 1935; that on April 26, 1935, a citation signed by Chief Justice del Toro was issued, returnable within 60 days from that date, or on or before June 25, 1935; that on June 22, 1935, the Chief Justice signed an order extending the time for filing the transcript in this court to August 24, 1935; that on August 12, 1935, Judge Hutchison, describing himself as Acting Chief Justice, signed an order extending the time for filing the transcript until October 23, 1935; that on October 28, 1935, five days after the expiration of the previous order, Judge Hutchison signed an order extending the time for filing the transcript to December 22, 1935; that on December 19, 1935, the Chief Justice signed an order extending the time for filing the transcript to February 20, 1936; that on February 15, 1936, a final order was made extending the time to March 31, 1936; and that the transcript of record was filed in this court on March 18, 1936. No order has ever been made by a judge of this court enlarging the time for filing the transcript either before or since August 24, 1935, and the time for filing a new petition .for appeal has long since passed.

Because of the absence of a valid order extending the time for filing the transcript of record in this court later than August 24, 1935, within the meaning of rule 16 of this court and our decision in Bengoechea Macias v. De La Torre & Ramirez, 84 F.(2d) 894, the plaintiff has filed a motion to dismiss the appeal. The defendant has filed a counter motion asking leave to refile the transcript of record and that the appeal be .retained in this court, claiming that we have jurisdiction over the appeal, and, in the exercise of our discretion may now permit the transcript of record to remain on file or be refiled as the record on this appeal.

The defendant concedes that, upon the record here disclosed, the motion of the plaintiff is well grounded under rule 16 and the above-cited decision of this court, but contends that this court might, in its discretion, after the expiration of the time (August 24, 1935) fixed in the order of June 22, 1935, have granted an extension for filing the record and may do so now, citing Gangler v. Rice (C.C.A.6th Cir.) 33 F.(2d) 119; Moran v. Peck (C.C.A.6th Cir.) 294 F. 80; and Shea v. United States (C.C.A.6th Cir.) 224 F. 426.

In support of his counter motion and as a reason why we should exercise our discretion and grant the counter motion, the defendant suggests that there is a substantial controversy which should be determined by this court; that the sum of $29,577.34 is substantial; that whether the plaintiff is entitled to recover this sum depends upon the question whether or not the sum of $900,000, represented by three notes of $300,000 each, owed to the South Porto Rico Sugar Company of New Jersey by the plaintiff, its wholly owned subsidiary, was "actually paid" before midnight of September 30, 1919, the last day of its fiscal year, by the plaintiff to the parent New Jersey Company; that if the money was in fact so actually paid, then, under the terms of section 22 of the Puerto Rican Taxing Act of 1919 (Act No. 80), the plaintiff was entitled to deduct the payment in reporting its income for that fiscal year for the purpose of the surplus tax, and, so deducting it, no surplus tax was due; otherwise it would have been due for that fiscal year, as was found by the District Court.

It is conceded that whether these notes were actually paid to the parent company before the end of the fiscal year on September 30, 1919, is a question of fact; that upon this question the evidence was conflicting; that the District Court of San Juan found on the evidence that they had not been paid before midnight of September 30, 1919, while the Supreme Court, on the same evidence, found to the contrary.

As above said, this is an action in the nature of a suit at law ·to recover taxes paid under protest. This being so, the only questions open to review here on this appeal are questions of law. The single question of law raised by the appeal is whether there was any evidence to support the finding that the three $300,000 notes were paid before midnight of September 30, 1919. As to this it is conceded there was evidence and that the question sought to be reviewed is solely one of fact.

In a memorandum filed late, the defendant takes the position that this court on an appeal from the Supreme Court of Puerto Rico possesses the same power to review a question of fact that it would have if the suit commenced in the District Court of San Juan had been one in the nature of a suit in equity; that, under the Code of Civil Procedure of Puerto Rico, there is no distinction between actions at law and suits in equity. But this court, as early as 1918, in the case of Ana Maria Sugar Company v. Quinones, 251 F. 499, held to the con-

trary. That case was taken to the Supreme Court, where our decision on this question was upheld. See 254 U.S. 245, 41 S.Ct. 110, 65 L.Ed. 246. The Supreme Court in passing upon the question (254 U. S. 245, at page 248, 41 S.Ct. 110, 111, 65 L.Ed. 246) said:

"Under section 35 of the Act of April 12, 1900, c. 191, 31 Stat. 77, 85, the power to review final judgments and decrees of the Supreme Court of Porto Rico, then exercised exclusively by this court, was limited to matters of law. Garzot v. De Rubio, 209 U. S. 283 [28 S.Ct. 548, 52 L. Ed. 794]; Gonzales v. Buist, 224 U.S. 126, 32 S.Ct. 463, 56 L.Ed. 693; Rosaly v. Graham, 227 U.S. 584, 33 S.Ct. 333, 57 L.Ed. 655; Ochoa v. Hernandez, 230 U.S. 139, 33 S.Ct. 1033, 57 L.Ed. 1427; Porto Rico v. Emmanuel, 235 U.S. 251, 35 S.Ct. 33, 59 L.Ed. 215. When that act was superseded by section 244 of the Judicial Code [48 U.S.C.A. § 864 note] writs of error and appeals from the insular Supreme Court became subject to the same regulations which governed appeals from the district courts of the United States. Thereby this court acquired power to review questions of fact in cases coming to it on appeal in equity or admiralty (De Elzaburu v. Chaves, 239 U. S. 283, 285, 36 S.Ct. 47, 60 L.Ed. 290); but in actions at law which are reviewable on writ of error, there was no right in this court to review the facts, although the case was tried without a jury (Behn v. Campbell, 205 U.S. 403, 407, 27 S.Ct. 502, 51 L.Ed. 857). The jurisdiction to review judgments and decrees of the Porto Rico courts conferred upon the Circuit Court of Appeals by Act of January 28, 1915, c. 22, 38 Stat. 803 [28 U.S.C.A. § 225 note], is subject to the same limitation. The cause of action here sued on is in its nature a legal one. The review should therefore have been prosecuted by writ of error instead of by appeal, although the case was tried without a jury. Oklahoma City v. McMaster, 196 U.S. 529, 25 S.Ct. 324, 49 L.Ed. 587. By reason of section 4 of the Act of September 6, 1916, c. 448, 39 Stat. 727, this failure to adopt the proper appellate proceeding is no longer fatal. But the provision does not abolish the distinction between writs of error and appeals. It merely provides that the party seeking review shall have it in the appropriate way, notwithstanding a mistake in choosing the mode of review. Gauzon v. Compania General, 245 U.S. 86, 38 S.Ct. 46, 62 L.Ed. 165."

In our opinion of July 24, 1936, in Bengoechea Macias v. De La Torre & Ramirez, 84 F.(2d) 894, 895, this holding was reaffirmed. It was there further said:

"The statute substituting an appeal for a writ of error in such cases (28 U.S.C.A. § 861a) did not enlarge the appellant's rights [Talent v. United States, 32 F.(2d) 630 (C.C.A.1)]; and the statute under which appeals from the Supreme Court of Puerto Rico now come to this court (28 U. S.C.A. § 225 (a), is the same in this respect as that under which such appeals formerly went to the United States Supreme Court. It is a legal anomaly due to federal statutes and the judicial interpretation of them that the extent of review on appeal from courts administering the civil law should be governed by a procedural distinction unknown in those courts or in that system of law. But the rule as stated is too well established to be open to question."

See, also, 28 U.S.C.A. § 861b.

As on the defendant's own showing this appeal fails to present a substantial question of law for review, we decline to grant the counter motion, if we could be said to have jurisdiction and otherwise could do so.

Furthermore, so far as appears from the record and the papers filed in this court, the appeal was not applied for and allowed within three months from the entry of the judgment sought to be reviewed, and, if this is so, this court would be without jurisdiction to entertain the appeal.

The counter motion of the defendant, appellant, is denied; the appellee's motion to dismiss is granted, and the appeal is dismissed, with costs.