**CHAPMAN v. SANBORN, District Judge.**

(Circuit Court of Appeals, Eighth Circuit. March 9, 1927.)

No. 312.

1. Mandamus ⚖=12—Appellate court may not issue mandamus requiring judicial officer to do act which it is not his judicial duty to do.

Appellate court may not lawfully issue a writ of mandamus to require judicial officer to do an act which it is not, and has not been, his judicial duty to do.

**2. Criminal law ⬥1072—Writ of error need not issue, where assignment of errors claims no error possibly reviewable by appellate court.**

If assignment of errors required by Circuit Court of Appeals rule 11, claims no error possibly reviewable by appellate court, no judicial duty to issue writ of error is imposed on judge to whom application is made, and no duty rests on appellate court to direct him to issue writ.

**3. Criminal law ⬥1072—Doubt of whether writ of error should be granted should be resolved In favor of applicant.**

Where there is a reasonable doubt whether writ of error to review conviction should be granted, that doubt should be resolved in favor of applicant.

**4. Criminal law ⬥273—Counts for stealing letter from mail box and appropriating check held sufficient, supporting plea (Criminal Code, § 194 [Comp. St. § 10364]).**

Counts of indictment alleging stealing of letter from mail box situated in an apartment house, and concealing of certain check theretofore contained in such letter, *held* to sufficiently charge violation of Criminal Code, § 194 (Comp. St. § 10364), authorizing trial judge to receive plea of guilty thereto.

**5. Criminal law ⬥1030(1)—Assignments that mail box from which defendant was charged with stealing letters was not specified as authorized depository held Immaterial when not made at trial.**

Assignments of error that mail box from which defendant was alleged to have stolen a letter was not authorized depository for mail matter *held* immaterial, when not made at trial when plea of guilty was received.

**6. Criminal law ⬥1134(8)—No Inquiry as to issues of fact, not made or suggested until after rulings of law, can be heard on writ of error.**

Object of a writ of error is to bring before appellate court questions of law only, and no inquiry as to issues of fact, not made or suggested until after rulings of law were made, can be heard on writ of error.

On Application for Writ of Mandamus.

Application by Harry Chapman against Hon. John B. Sanborn, United States District Judge for the District of Minnesota, praying that respondent be directed to allow his petition for a writ of error, and that petitioner be allowed to prosecute writ of error as a poor person. Petition denied.

Before SANBORN and KENYON, Circuit Judges.

PER CURIAM. Mr. Chapman, the petitioner, presents to this court an application for a writ of mandamus directing United States District Judge Sanborn, of Minnesota, to allow his petition for a writ of error to this court, to enable it to review certain alleged errors, which the petitioner assigned when he applied to the District Judge for a writ of error. He also prays this court to direct the District Judge to allow him to prosecute the writ of error which he seeks as a poor person; but, if under his petition he was not entitled to a writ of error to review the proceedings of the trial, he is not entitled to prosecute that writ of error as a poor person, and his request in that regard becomes immaterial, and will not be further noticed.

Mr. Chapman was indicted on four counts for four violations of section 194 of the Criminal Code (Comp. St. § 10364). When arraigned, he pleaded guilty, and was sentenced on October 9, 1926, to confinement in the penitentiary at Leavenworth, Kan., for eight years, where he is now serving his sentence. Within three months after his sentence he applied to the trial judge for a writ of error from this court to review the errors he alleged in his assignment of errors the District Judge had committed at his trial, and the judge denied his application.

[1] An appellate court may not lawfully issue a writ of mandamus to require a judicial officer to do an act which it is not and has not been his judicial duty to do. If, therefore, no duty was imposed upon the District Judge to issue this writ of error, no mandamus can lawfully issue to compel him to do so.

[2, 3] Rule 11 of this court requires a defendant to file with his petition for a writ of error an assignment of errors. One of the objects of this rule is to enable the judge to whom an application for a writ of error is presented to determine whether the petitioner claims any possibly reviewable error. Frame v. Portland Gold Min. Co. (C. C. A.) 108 F. 750. If an assignment of errors is not filed, or if an assignment of errors claims no error possibly reviewable by the appellate court, no judicial duty to issue the writ is imposed upon the judge to whom the application is made, and no judicial duty rests on the appellate court to direct him to issue the writ. In every case where there is a reasonable doubt, in every case where the record does not make it clear beyond a reasonable doubt that no reviewable error of law is assigned, the court or judge to which or whom the application is made should grant the writ. When there is a reasonable doubt whether or not it should be granted, that doubt should be resolved in favor of the petitioner. Simpson v. First Nat. Bank (C. C. A.) 129 F. 257, 261.

The authorities cited by this court in Hostetter v. Symes (C. C. A.) 10 F.(2d) 109, and the statement there made, that "the general rule, now well established, is that the allow-

ance of a writ of error from Circuit Courts of Appeals to District Courts in a criminal case, not capital, is a matter of right, where the essential requirements of law have been complied with," are not inconsistent with this conclusion, for one of the essential requirements of law to entitle a petitioner to a writ of error is that he shall assign one or more errors possibly reviewable by the appellate court as a condition for the allowance of his writ.

The assignment of errors that was presented to the District Judge in this case is before this court and has been thoughtfully read and considered. The first alleged error assigned was that "the court erred in allowing the defendant to enter a plea on said indictment and each of the four counts therein, because it is absolutely colorless and charges no offense possible of commission, is so vague and indefinite as to constitute no offense against the United States," and the second was, "The court erred in excepting [accepting?] defendant's plea to the first count of the indictment because the said mail box mentioned in said indictment is not an authorized depository for mail matter of the United States, but is a private mail box."

Section 194 provides that: "Whoever shall steal, take, or abstract, * * * from or out of any mail, post office, or station thereof, or other authorized depository for mail matter, * * * any letter, postal card, package, bag, or mail, * * * shall be fined not more than two thousand dollars, or imprisoned not more than five years, or both."

[4] The first count of the indictment charged that on July 1, 1926, the petitioner "did unlawfully and feloniously steal and take from a mail box situated in an apartment house at 2517 Humboldt Avenue South, in the city of Minneapolis aforesaid, said mail box being an authorized depository for mail matter of the United States, a certain letter addressed to one 'Mrs. Millicent M. Lee, 2517 Humboldt Ave. South, Minneapolis, Minnesota,' theretofore deposited in the United States mails in the city of Minneapolis aforesaid, with postage prepaid thereon." The second count of the indictment charged that on the same day the petitioner feloniously received, concealed, and had in his possession a certain check in the amount of $250, numbered 39283, payable to Mrs. Millicent M. Lee, "which said check had theretofore been contained in a certain letter deposited in the United States mails at Minneapolis aforesaid, by the Minnesota Loan & Trust Company, for delivery, and addressed to 'Mrs. Millicent M. Lee, 2517 Humboldt Ave. South, Minneapolis, Minnesota,' which said letter and check had theretofore been stolen and taken from a mail box in the city of Minneapolis aforesaid, an authorized depository for mail matter, knowing the said letter and check aforesaid to have been so stolen" an offense clearly and specifically denounced by section 194. Each of these two counts of this indictment left no reasonable or other doubt that it clearly charged a violation of section 194, and neither of them was either colorless, vague or indefinite. When they are compared with the statute, no reasonable or possible doubt exists that there was no error of law on the part of the District Judge in holding them sufficient at the trial and receiving the petitioner's plea of guilty of the offenses charged therein.

[5, 6] In each of the four counts of the indictment the United States pleaded that the material mail box specified therein was an authorized depository for mail matter, and the averment in the second, third, fourth, and fifth assignments of error that the boxes there specified were not such depositories was immaterial, (1) because those averments were not made when the trial court on October 9, 1926, received the petitioner's plea of guilty and sentenced him; (2) because the object of a writ of error is to bring before the appellate court questions of law only, and no inquiry as to issues of fact not made or suggested until after the rulings of law were made can be heard under a writ of error. Behn v. Campbell, 205 U. S. 403, 405, 27 S. Ct. 502, 51 L. Ed. 857; Dower v. Richards, 151 U. S. 663, 14 S. Ct. 452, 38 L. Ed. 305; Simkins, Federal Practice, 182, 183, 187.

The third and fourth counts of the indictment and the third, fourth, fifth, sixth, and seventh assignments of error and the brief of the petitioner herein have been carefully read and considered, and we have no doubt that the petition for the writ of error, the assignment of errors, and the accompanying papers presented to the trial court below at the time of the application for the writ of error imposed no judicial duty upon the District Judge to grant that writ in this case. The filing of the petition for the writ of mandamus and the papers accompanying that petition in this court, therefore, would be futile, and leave to file them must be and it is hereby denied.