## UNITED STATES ex rel. WREN v. KENNAMER, District Judge.

Circuit Court of Appeals, Eighth Circuit. September 10, 1927.

No. 314.

Mandamus ⬡61—Mandamus to require trial judge to grant writ of error denied, where petitioner pleaded guilty and punishment was legal.

Mandamus to require trial judge to grant writ of error would be denied where petitioner pleaded guilty and punishment imposed was within the law.

On Petition for Writ of Mandamus.

Petition by the United States, on the relation of W. B. Wren, against F. E. Kennamer, United States District Judge for the Northern District of Oklahoma, for writ of mandamus. Denied.

B. W. Wren, in pro. per.

John M. Goldesberry, U. S. Atty., of Tulsa, Okl., for respondent.

Before STONE and VAN VALKENBURGH, Circuit Judges, and POLLOCK, District Judge.

POLLOCK, District Judge. Petitioner was indicted in Northern District of Oklahoma, by an indictment containing seven counts, aptly charging that number of violations of Harrison Anti-Narcotic Act (26 USCA §§ 211, 691–707 [Comp. St. § 6287g et seq.]). To this indictment, and each and every count thereof, on his arraignment he entered his plea of guilty, as charged, and was sentenced to the federal prison, at Leavenworth, Kan., for a term of years. Being there confined, he petitioned the trial court for a writ of error to review the judgment of conviction entered against him.

As petitioner had, in open court, without challenge of the indictment or any count thereof, pleaded guilty to each of the counts thereof, the petition for the writ of error was denied, and the petitioner has petitioned this court for a writ of mandamus to compel the trial judge to grant such writ.

From an inspection of the record made on which the order for the writ of mandamus is applied, we do not find the indictment to which the petitioner pleaded guilty, or the judgment imposed by the court, made a part of the record for our inspection. An examination of the many assignments of error which were presented to the court with the petition for the writ of error shows the attack made on the sentence imposed does not go to the power of the court to impose the sentence. The entire judgment appears to be well within the law, and, as petitioner by his plea of guilty permitted the assessment of the punishment imposed within the law, no error could have been shown, had the writ of error been granted, it would have been a vain and useless thing to have done, and was properly denied.

The petition for the writ of mandamus must be denied on the showing made, and is denied.

VAN VALKENBURGH, Circuit Judge (concurring). I concur in the foregoing opinion of Judge POLLOCK. I am further of opinion that, upon the admitted facts presented by the pleadings, the decree was for the right party.