**1**

**UNITED STATES, Appellant, v. John L. ROGERS, etc., et al.**

Circuit Court of Appeals, Eighth Circuit.
May 3, 1927.

No. 7667.

Appeal from the District Court of the United States for the Eastern District of Oklahoma.

Frank Lee, U. S. Atty., and Philos S. Jones, Asst. U. S. Atty., both of Muskogee, Okl.

M. W. McKenzie, of Oklahoma City, Okl., for appellees.

PER CURIAM. Appeal dismissed, without costs to either party in this court, on motion of appellant.

====

**2**

**UNITED STATES ex rel. George Brown GEIGER, Petitioner, v. F. E. KENNAMER, United States District Judge for the Northern District of Oklahoma, Respondent.**

Circuit Court of Appeals, Eighth Circuit.
September 10, 1927.

No. 309.

On petition for writ of mandamus.

George Brown Geiger, for petitioner.

John M. Goldesberry, U. S. Atty., of Tulsa, Okl., for respondent.

Before STONE and VAN VALKENBURGH, Circuit Judges, and POLLOCK, District Judge.

POLLOCK, District Judge. Petitioner was indicted, the indictment containing two counts, tried and convicted in the District Court for the Northern District of Oklahoma, and on the first count he was sentenced to serve two years imprisonment in the federal prison, Leavenworth, Kan., and to pay a fine of $100; on the second count he was sentenced to pay a fine of $50. Being confined in said prison in execution of said judgment, petitioner applied to the trial court to be permitted to prosecute a writ of error to the Circuit Court of Appeals as a pauper. He also presented an assignment of errors, on which he relied for reversal of the judgment of the trial court. No report of the evidence heard on the trial of the case was had, and therefore no bill of exceptions was or could be settled and made part of the record, and none was presented for signing and allowance.

From a consideration of the entire matter, Judge Kennamer, the trial judge who presided at the hearing on the petition for the writ, denied the writ on the ground it was, as shown by the errors assigned, frivolous and without merit. It appears the writ here applied for was by a former order denied and now stands again for decision; the former order having been vacated, the matter stands on the petition presented to the trial judge, with the assignments of error, the indictment, the judgment of conviction, and the response of Judge Kennamer to the rule to show cause why the writ should not issue.

From this record it appears petitioner is wrong in his principal contention. It is the main contention of petitioner that count 1 of the indictment is drawn under the Volstead Act (27 USCA), whereas, as appears from the indictment itself, count 1 charges a violation of the Act of June 30, 1919, which punishes the having in possession intoxicating liquors in the Indian country, or where the introduction is or was prohibited by federal statute; that the introduction of intoxicating liquor into the place and county in which the petitioner was charged with the unlawful possession, namely, Okfuskee county, Oklahoma, was and is prohibited by federal statute is not open to denial. The crime charged in count 1 is a felony and the punishment imposed is well within the law. This disposes of assignments of error I and V.

An examination of the remaining errors assigned discloses nothing of substance of which petitioner could possibly have complained as error in this court, had he been allowed his writ of error. The holding of this court in the case of Chapman v. Sanborn, 18 F.(2d) 254, conclusively settled the power, duty, and right of Judge Kennamer to deny the writ of error, as he did by the showing in this record.

The petition for the writ prayed must be denied, and is denied.