## WOLF v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit.

April 11, 1932.

Thomas E. Latimer, of Minneapolis, Minn., for petitioner.

Before STONE and VAN VALKENBURGH, Circuit Judges, and DAVIS, District Judge.

STONE, Circuit Judge.

December 21, 1931, judgment and sentence was entered against Franklin T. Wolf for a crime, the nature of which does not appear in any of the papers before us. Thereafter, Wolf presented his petition for appeal to this court (with assignment of errors), to the trial judge. Allowance of the appeal was there resisted "on the ground that, based on said assignment of errors, such appeal is frivolous." Upon that ground, the trial court denied the appeal. Wolf now presents his petition for appeal to this court. The petition is accompanied by an assignment of errors and a certified copy of the docket entries in connection with the earlier application to the trial court. We have denied this application because of insufficient showing. We deem it advisable to state the practice which should be followed in this circuit in matters of this character and the reasons therefor.

It has been stated by this Court [Hostetter v. Symes, 10 F.(2d) 109, 110] that:

"The general rule, now well established, is that the allowance of a writ of error from Circuit Courts of Appeals to District Courts in a criminal case, not capital, is a matter of right where the essential requirements of law have been complied with."

In later cases in this court [Chapman v. Sanborn, 18 F.(2d) 254; United States ex rel. Wren v. Kennamer, 21 F.(2d) 746; and United States ex rel. Geiger v. Kennamer, 21 F.(2d) 1021], some of the "essential requirements" which must be complied with (within the meaning of the Hostetter Case) are dealt with. The general effect of those three cases is that, if an examination of the assignment of errors discloses nothing of substance of which the petitioner could possibly have complained, the petition should be denied. As a matter of necessity, and as shown by these cases, such a determination must rest upon an examination of the errors assigned in the light of what took place in such respects at the trial. As stated in the Chapman Case, at page 255 of 18 F.(2d): "Rule 11 of this court requires a defendant to file with his petition for a writ of error an assignment of errors. One of the objects of this rule is to enable the judge to whom an application for a writ of error is presented to determine whether the petitioner claims any possibly reviewable error."

Petitioner is not entitled to an appeal as matter of right merely because his petition for appeal and assignment of errors is perfect in form. The court or judge asked to grant the appeal should ascertain that there is at least a semblance or possibility of merit in some of them. For example, suppose an assignment of errors is entirely composed of innumerable claimed errors relating to rulings on evidence or in connection with the charge of the court, but the record shows that no bill of exceptions was allowed within time. Obviously, there could be no basis for examination of any of such assignments in this court and the allowance of an appeal would clearly be of no possible avail to petitioner. Any judge to whom a petition for an appeal is presented has the duty of ascertaining whether the appeal sought can present a substantial matter for review. All doubts should be resolved in favor of the appeal [Chapman v. Sanborn (C. C. A.) 18 F.(2d) 254, 255], but this does not militate against the situation that there must be some plausibility in some assignment of error which has a real basis in the record which this court may examine.

Ordinarily, the petition is presented to the

judge who tried the case and who knows what took place in connection with the trial. The usual procedure where the trial judge has denied an appeal has been through mandamus in this court where the response of the judge revealed the state of the record in relation to the assignment of errors and, thus, this court was apprised of the situation and could intelligently pass upon the right to the appeal. Where a petition for appeal is presented to another judge who knows nothing of the case (particularly where the trial judge, as here, has denied the appeal because, based on the assignment of errors, the appeal is frivolous), such judge has the right to be convinced that there is possible merit in some assignment and the burden of making this showing is upon the petitioner. Otherwise, the most frivolous and ridiculous appeals, sought solely for delay, could not be prevented. It is only thus that the full right of appeal can be preserved freed from obvious and clear abuse. Here there is no such showing.